IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **A.L.A.** by and through his next friend **LAURA LIBERTY**, | ) ) ) |
| And | ) ) |
| **LAURA LIBERTY**, Individually, | ) **Cause No.3:10-5054-SWH** ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **AVILLA R-XIII SCHOOL DISTRICT**, | ) ) |
| Defendant. | ) |

## JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, by their attorney and for their Complaint, state as follows:

## JURISDICTION

1. These causes of action are civil actions arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. Part 104.

2. In addition, these causes of action arise under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, and its implementing regulation 28 C.F.R. Part 35.

3. The jurisdiction of this Court is founded upon 28 U.S.C. § 1331 and the United States Constitution.

## PARTIES

4. Plaintiff A.L.A. (D/O/B 1999) is a minor who resides with his grandparents, Plaintiff Laura Liberty and Jack Liberty, in the City of Reeds, County of Jasper, State of Missouri, within the Western District of Missouri.

5. Because A.L.A. is under eighteen, he is unable to maintain this action.

6. Laura Liberty is A.L.A.'s court appointed guardian.

7. FRCP 17(c) allows A.L.A. to maintain this action by his next friend.

8. As A.L.A.'s court appointed guardian, Laura may act as his next friend.

9. Avilla is a Missouri public school district operating public schools in Jasper County, Missouri.

10. Avilla receives federal funds.

## FACTS COMMON TO ALL COUNTS

11. A.L.A. has been a student in Avilla since kindergarten.

12. A.L.A. has received special education services from Avilla as a Down Syndrome child.

13. On December 10, 2007 in response to a complaint filed against Avilla, the United States Department of Education, Office of Civil Rights (OCR) issued a written finding that Avilla had failed to comply with the requirements of §504 and the ADA because Avilla's grievance procedure was inadequate and did not comply with the law prohibiting discrimination based upon abilities.

14. Although A.L.A is an IDEA student, he is not required to exhaust his administrative remedies because his claims are unrelated to the IEP process.

15. Additionally, A.L.A is not required to exhaust administrative remedies because Avilla adopted a policy of general applicability contrary to §504.

# COUNT I – A.L.A.

COMES NOW Plaintiff A.L.A., by his attorney, and for Count I of his Amended Complaint states as follows:

16. A.L.A. incorporates by reference paragraphs 1 through 15 of this Amended Complaint, as if fully set forth herein.

17. During the last two school years, A.L.A. has been confined within a small closet-like room, with no windows or natural light, and has not been allowed to attend class with his non-disabled peers, nor was he provided with a full time qualified teacher.

18. A.L.A. was not provided with the same opportunity as his non-disabled peers to receive a free, appropriate, public education in the least restrictive environment.

19. Avilla failed and refused to provide A.L.A. with a proper and legal procedure to file a grievance for resolving disability discrimination complaints.

20. So A.L.A. did not have a proper method for complaining of his treatment by Avilla.

21. Therefore, Avilla violated A.L.A.'s §504 and the ADA by discriminating against A.L.A. because of his disability.

22. Avilla acted in bad faith or with gross misjudgment in denying A.L.A.'s rights under §504 and the ADA.

23. A.L.A. has incurred and will continue to incur attorney's fees and costs to bring this matter before the Court.

24. Therefore, Avilla should reimburse A.L.A. for his attorney's fees and costs.

WHEREFORE, as a result of Defendant Avilla's actions, Plaintiff A.L.A. seeks the following relief and Court Orders:

   a. Order Avilla to provide A.L.A. compensatory education;

b. Award A.L.A. monetary damages to compensate him for the damages caused when Avilla violated A.L.A.'s §504 and ADA rights;

c. An award for attorney's fees and costs; and

d. In addition, enter all other orders the Court deems just.

## COUNT II— LAURA

COMES NOW Plaintiff Laura Liberty, by her attorney, and for Count II of her Complaint states as follows:

25. Laura incorporates by reference paragraphs 1 thorough 24 of this Complaint, as if fully set forth herein.

26. Laura has paid for educational materials for A.L.A. that Avilla failed and refused to provide.

27. Further, Avilla is required to provide said educational materials at no cost to Laura.

28. In addition, Laura will be paying for compensatory educational services for A.L.A. because Avilla failed and refused to provide same.

29. Further, Avilla is required to provide said compensatory educational services at no cost to A.L.A. and Laura.

30. Avilla caused Laura damages when it violated A.L.A.'s §504 and ADA rights.

31. Laura has incurred and will continue to incur attorney's fees and costs to bring this matter before the Court.

32. Therefore, Avilla should reimburse Laura for her attorney's fees and costs.

WHEREFORE, as a result of Defendant Avilla's actions, Plaintiff Laura seeks the following relief:

a.  An award of monetary damages to compensate her for financial losses she incurred and will continue to incur, due to Avilla's violations of A.L.A.'s §504 and ADA rights;

b.  An award for attorney's fees and costs; and

c.  In addition, enter all other orders the Court deems just.

>Respectfully submitted,
>
>LAW OFFICE OF LAWRENCE J. ALTMAN
>
>By:  /s/ Lawrence J. Altman
>     Lawrence J. Altman, #5663
>     621 North Skinker Boulevard
>     St. Louis, Missouri 63130
>     Ph: 314/862-0200
>     Fx: 314/862-3050
>     larry@laschoollaw.com
>
>MANN, WALTER, BISHOP & SHERMAN, P.C.
>
>By:   /s/ Paul F. Sherman
>      Paul F. Sherman, #34048
>      1108 E. Walnut
>      Springfield, MO 65806
>      P.O. Box 1072
>      Springfield, MO 65801-1072
>      Phone: (417) 877-9138
>      Facsimile: (417) 877-0469
>      E-mail: pfs@mannwalterlaw.com
>      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on __August 16, 2010__, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

Ernest G. Trakas, Esq.
Mickes, Goldman, O'Toole, LLC
555 Maryville University Drive
Suite 240
St. Louis, Missouri 63141
Ph: 314/878-5600
Fx: 314/878-5607
e-mail: etrakas@mickesgoldman.com
*Attorneys for Defendant*
*Avilla R-III School District*

By: /s/ Paul F. Sherman