IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| A.L.A., by and through his next friend, <br> LAURA LIBERTY, <br><br> and <br><br> LAURA LIBERTY, <br> individually, <br><br>        Plaintiffs, <br><br> v. <br><br> AVILLA R-XIII SCHOOL DISTRICT, <br><br>        Defendant. | Case No. 10-05054-CV-SW-SWH |

## ORDER

Pending before this Court is Avilla R-XIII School District's (hereafter "Avilla") Motion for Expenses.[1] (Doc. #27) Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Avilla seeks reimbursement in the total amount of $2,840.75 for time spent in obtaining responses to its discovery requests. The factual basis for defendant's motion does not appear to be in dispute.

Avilla served plaintiffs with its First Set of Interrogatories and First Request for Production of Documents on June 16, 2010. (Doc. #49-1) Plaintiffs had 30 days in which to respond to these requests. See Fed. R. Civ. P. 33(b)(2) and 34(b)(2). In mid-August, Avilla sent a letter to plaintiffs

---

[1] The Court granted defendant's motion for summary judgment (doc. #62) and that ruling has been appealed to the Eighth Circuit Court of Appeals (doc. #66). While the general rule is that the filing of a timely notice of appeal has the effect of immediately transferring jurisdiction to the court of appeals, the district court retains jurisdiction over collateral matters not involved in the appeal. Defendant's motion for discovery sanctions involves collateral matters and, thus, may be determined by this Court even while the appeal is pending. See Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998); Fieldturf, Inc. v. Southwest Recreational Indus., Inc., 212 F.R.D. 341, 343-45 (E.D. Ky. 2003). See e.g. Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998).

noting their failure to respond. (Doc. #27-2) The attorneys for the parties conferred on October 27, 2010, at which time the attorney for plaintiffs indicated that he would respond to the requests by the end of November. (Doc. #27-3) Plaintiffs failed to meet that deadline, and on February 23, 2011, Avilla sent a letter requesting that plaintiffs respond to the interrogatories and requests for production of documents by March 2, 2011. (Doc. #27-4) Plaintiffs also failed to meet that deadline.

At a hearing to discuss the discovery dispute held on March 9, 2011, the attorney for Avilla informed the Court that he had received no responses to the discovery requests. (Transcript of March 9, 2011 hearing (doc. #18) at 4, 5 and 12[2]) During the March 9 hearing, defense counsel outlined the steps he had taken to try and obtain discovery from plaintiffs and asked that he be allowed to file a formal motion to compel. (Doc. #18 at 3-4) The Court found that defense counsel was at a point where if he wanted to file something in writing, he could. (Doc. #18 at 6) In a companion case, Case No. 09-05099, defense counsel had received interrogatory responses, but considered them inadequate. Given the lengthy delays in the discovery process, the Court suggested that it could expedite a ruling on the oral motion to compel by having a telephone conference with the parties to discuss each discovery request to which an objection or non-responsive answer had been filed. (Doc. #18 at 6)

The first conference was held on March 24, 2011, in connection with Case No. 09-05099, and resulted in the Court directing the plaintiff child to provide a more specific answer to Interrogatory No. 4 and his parents to respond to Interrogatory Nos. 9, 11 and 14 through 24. (See

---

[2]Counsel for plaintiffs indicated answers to the interrogatories were being mailed out the day of the hearing. (Doc. #18 at 5)

2

doc. #17 at 45, 47-48) At a subsequent proceeding, the Court then took up the discovery answers of plaintiffs in this case. (Doc. #20) The questions directed to A.L.A. and Laura Liberty were almost identical to the questions posed to J.B. and the Baileys in Case No. 09-05099. (Doc. #20 at 5) During the conference on the adequacy of plaintiffs' discovery responses, counsel for plaintiff acknowledged that he had received a letter from defense counsel concerning his interrogatory answers in this case and "his points on all the interrogatories are well taken." (Doc. #20 at 4) Based on the Court's directive that further answers be provided by the Baileys in Case No. 09-05099, plaintiffs' counsel recognized that he would have to provide further answers and additional information in this case. (Doc. #20 at 4) However, the Court and the parties had further discussions concerning the specific interrogatories which needed additional information in an effort to resolve any questions about what was required by plaintiffs in their interrogatory and document responses. (See doc. #20 at 1-35)

Avilla has requested sanctions under Fed. R. Civ. P. 37(a)(5)(A). However, the failure to make **any** response to interrogatories and requests for production of documents is governed by Fed. R. Civ. P. 37(d).[3] Rule 37(a) is primarily intended to deal with the failure to answer specific interrogatories or the failure to produce specific documents. It appears that both provisions of Rule 37 are at issue here because plaintiffs did not make any response to the discovery requests until eight months after the deadline provided for in the rules and then many of their interrogatory answers were incomplete and non-responsive.

In the instant action, the attorney for plaintiffs attributes the failure to answer and the failure

---

[3]Fed. R. Civ. P. 37(d) allows a party to move for sanctions without first moving to compel if the opposing party "fails to serve its answers, objections, or written response" to interrogatories or requests for production of documents.

3

to produce documents initially to his belief that opposing counsel had agreed to delay or suspend discovery pending mediation and later to his and his wife's medical problems. (Doc. #28 at 1-3) Despite these explanations, the Court concludes that the lengthy delay in responding was not substantially justified. Counsel for plaintiffs knew by mid-August that defense counsel would not delay discovery until after the mediation and, in fact, wanted discovery responses before mediation. (Doc. #28 at 2)

Counsel's surgery was not scheduled until December, and in October he agreed to respond to the discovery by the end of November, some four months after its initial due date. Mr. Altman, counsel for plaintiffs, cites a number of factors that prevented him "from actively practicing law during this period." (Doc. #28 at 3) While the Court recognizes that Mr. Altman had serious medical issues during the time that discovery was ongoing, he also had co-counsel, Mr. Sherman, whom he could have asked to assist in responding to the discovery requests.

Counsel for plaintiffs also opposes defendant's request for sanctions for the reason that plaintiffs' discovery responses were received by defendant prior to the close of discovery. (Doc. #28 at 3-4) This argument overlooks the added time and expense to defendant caused by plaintiffs' failure to timely respond. In addition, to the extent defense counsel wanted answers to initial discovery before taking depositions, retaining experts or conducting other discovery, it did affect the manner in which pretrial discovery was conducted.

If a motion to compel discovery is granted under Fed. R. Civ. P. 37(a), then the Court "must" require the party or attorney to pay the reasonable expenses in making the motion, including attorney's fees, unless the opposing party's nondisclosure, response, or objection was "substantially justified." Fed. R. Civ. P. 37(d)(3) allows the Court to impose various sanctions against the

4

nonresponsive party, including, among other sanctions, the dismissal of the action. Additionally, Rule 37(d)(3) states that:

> Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added)

The Court finds that the imposition of attorney's fees for plaintiffs' failure to timely answer interrogatories and produce documents is appropriate under Fed. R. Civ. P. 37(a)(5)(A)[4] and (d)(3) as the initial failures to respond and the subsequent inadequate responses were not substantially justified.

Counsel for Avilla has submitted an affidavit and supporting documents outlining the time spent obtaining discovery responses. (See doc. #27-5) In total, Avilla asserts that its attorneys expended 16.65 hours trying to obtain discovery in this case and, thus, the motion requests an award in the amount of $2,840.75. (Doc. #27-5 at ¶¶ 6-8) This request includes attorney's fees for time spent pursuing the motion for expenses. The Eighth Circuit has found that an award of fees for time spent pursuing sanctions under Fed. R. Civ. P. 37(d) is not appropriate. See Ranger Transp., Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1188 (8th Cir. 1990). Therefore, this Court concludes that defendant is not entitled to time spent preparing the motion for expenses. While defendant suggests that only two hours was spent on this motion, a review of the records indicates that in addition to

---

[4] The Court believes that defense counsel's statements at the March 9, 2011, hearing constitute an oral motion to compel. Defense counsel's explanation of his efforts to obtain discovery during the March 9 hearing constitute the certification required by Fed. R. Civ. P. 37(a)(1) that he had conferred in good faith with opposing counsel in an effort to obtain discovery without court action.

5

the two hours mentioned by Mr. Trakas at ¶ 7 of his affidavit, a portion of the 14.65 hours of attorney time set forth in Exhibit E (doc. #27-5 at 33-34) was also attributable to work on this motion.[5] Therefore, the Court will reduce the requested attorney fee award by $656.50.

Due to the repeated failure to timely provide discovery, which failure was not substantially justified, this Court awards attorney's fees in the amount of $2,184.25 to Avilla. While there is some suggestion in the transcript that plaintiffs were not always the most responsive clients, Mr. Altman admitted that a large part of the delay was attributable to him.[6] (Doc. #18 at 4) Accordingly, plaintiffs' counsel is ordered to pay the attorney fee award. Therefore, it is

ORDERED that Defendant Avilla R-XIII School District's Motion for Expenses (doc. #27) is granted, and defendant is awarded attorney's fees of $2,184.25 to be assessed against plaintiffs' counsel.

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE

---

[5]Specifically, time shown on doc. #27-5 at 34 on May 16 and 20 and June 8 and 24, 2011, totaling 1.7 hours appears to involve work on the motion for expenses and should be added to the two hours that defense counsel indicated in his affidavit he spent on the expense motion. This would reduce the attorney's fees requested by $656.50.

[6]Mr. Altman stated in his opposition to the motion for expenses that he was not actively practicing law during the time that he failed to produce discovery to defendant and that he could not schedule meetings with his clients to complete their discovery requests. (See doc. #28 at 3)